# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212 225 2086
jrosenthal@cgsh.com

July 11, 2022

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *Ad Hoc Group of Unsecured Claimants v. LATAM Airlines Group S.A., et al.*,
     Case No. 22-cv-5660 (GHW); *TLA Claimholders Group v. LATAM Airlines*
     *Group S.A., et al.*, Case No. 22-cv-5891

Dear Judge Cote:

   We write on behalf of appellees in the above-captioned actions, LATAM Airlines Group S.A. and its affiliated debtors and debtors-in-possession (collectively, the "Appellees" or the "Debtors").

   As Your Honor is aware from the prior submissions of the Ad Hoc Group of Unsecured Creditors (the "Ad Hoc Group Appellant") and the Appellees, another notice of appeal from the June 18, 2022 order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") confirming the Debtors' plan of reorganization (the "Confirmation Order") was filed by the ad hoc group of holders of certain claims against TAM Linhas Aéreas S.A. (collectively, the "TLA Claimholder Appellants"). The Ad Hoc Group Appellant's Emergency Motion to Expedite the Appeal dated July 6, 2022, and the Appellees' Response to the Motion dated July 7, 2022, expressed the views of the Ad Hoc Group Appellant and the Appellees, respectively, that the TLA Claimholder Appellants should be subject to the same briefing schedule, which would promote judicial efficiency.

Hon. Denise L. Cote, p. 2

It is our understanding that while the TLA Claimholder Appellants filed their notice of appeal on June 29, 2022, their appeal was only docketed with the District Court today. We further understand that a statement of relatedness was filed today and anticipate that this appeal will be assigned to Your Honor as a related case should Your Honor accept it as related to the Ad Hoc Group Appellant's appeal. The TLA Claimholder Appellants, however, have been aware of (i) the Debtors' desire for an expedited schedule since we sought to engage them unsuccessfully on a proposed briefing schedule on June 22, (ii) the Debtors' specific proposed dates submitted to the Court on July 5 (the TLA Claimholder Appellants were copied on that correspondence) and (iii) this Court's order of July 7 setting July 11 as the deadline for the Ad Hoc Group Appellant's opening brief and July 13 for a chambers conference (which order we immediately forwarded to the TLA Claimholder Appellants).

Assuming that the TLA Claimholder Appellants' appeal is assigned to Your Honor prior to the July 13 conference, the Appellees respectfully request that (i) the TLA Claimholder Appellants be ordered to participate in the chambers conference and (ii) a schedule be set at that conference for their immediate submission of their opening brief so that oppositions and replies with respect to the two appeals can be briefed and considered together. As the TLA Claimholder Appellants have professed an urgent desire for expedition to the Debtors and the Bankruptcy Court since June 22 – including in their motion for a stay, which the Bankruptcy Court denied on July 7 – a coordinated briefing schedule is consistent with the TLA Claimholder Appellants' stated desire for expedited briefing and would prejudice no party to the appeals.

In the interest of full disclosure, last Thursday (19 days after entry of the Confirmation Order), the TLA Claimholder Appellants for the first time informed the Debtors of their view that their appeal should bypass the District Court and, on Friday, they moved the Bankruptcy Court for direct certification to the Second Circuit because of, *inter alia*, the TLA Claimholder Appellants' claimed desire for expedition. We expect that given Judge Garrity's July 7 bench ruling denying a stay, which found that the TLA Claimholder Appellants have failed to demonstrate a substantial possibility of success on appeal, it is unlikely that the Bankruptcy Court would certify the appeal for direct appeal to the Second Circuit. Regardless, pursuant to 28 U.S.C. § 158(d)(2)(D), the mere filing of the TLA Claimholder Appellants' motion for direct certification does not stay the appeal to the District Court. Moreover, given that the TLA Claimholder Appellants have failed to identify any separate issues from those that would be presented in a direct appeal to the District Court that they seek to certify on a direct appeal to the Second Circuit, setting a briefing deadline would only further efficiency as the TLA Claimholder Appellants could simply use their brief wherever appealed.

Hon. Denise L. Cote, p. 3

    Thank you for your consideration.

Respectfully submitted,

/s/     *Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal

*Attorney for LATAM Airlines Group S.A. and its affiliated debtors and debtors-in-possession*

cc (via email):

Counsel for the Ad Hoc Group Appellant
Counsel for the TLA Claimholder Appellants