MUNGER, TOLLES & OLSON LLP

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

July 11, 2022

*Granted, without prejudice to revisiting at July 15 conference.*

*[signature] Denise Cote*
*7/12/22*

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

      Re:    *In re: LATAM Airlines Group S.A.*, Case No. 1:22-cv-5660-DLC

Dear Judge Cote:

      Appellant[1] respectfully requests authorization to file in redacted form Appellant's Opening Brief and Appendix.

      The Opening Brief and Appendix contain and reflect information filed under seal with the bankruptcy court or accepted into the record by the bankruptcy court and designated as "Confidential or "Highly Confidential" in accordance with the Stipulated Protective Order, *In re: LATAM Airlines Group S.A., et al.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. July 6, 2020), ECF No. 444 (the "Protective Order"). The harm from public disclosure outweighs any presumption of public access. *See GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011); *see also* Fed. R. Civ. P. 26(c)(1)(G) (protecting "confidential research, development, or commercial information").

      Under the Protective Order, the parties may designate as "Confidential Material" any "nonpublic proprietary or confidential, technical, business, financial, [or] personal" information. Protective Order at 4. The Parties may also designate as "Highly Confidential Material" any materials that qualify as "Confidential Material" and additionally are "of such a nature that a risk of competitive injury would be created" upon disclosure, "such as trade secrets, sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors." The Opening Brief and Appendix contain information that the Debtors have designated as Confidential or Highly Confidential. Although there is a presumption of public access to judicial documents, the public's interest in access is outweighed where, as here, those documents contain private, commercially sensitive information, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). This Court often allows such information in redacted form. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6

---

[1] Munger, Tolles & Olson LLP is counsel to the members of the Ad Hoc Group of Unsecured Claimants other than HSBC Bank Plc. All members of the Ad Hoc Group of Unsecured Creditors have consented to the filing of this letter motion.

MUNGER, TOLLES & OLSON LLP

July 11, 2022
Page 2

(S.D.N.Y. Mar. 31, 2021) (granting motion to seal "confidential research and development information, marketing plans, revenue information, pricing information, and the like"); Endorsed Letter 1–2, *LG Elecs. Inc. v. St. Lawrence Commc'ns, LLC*, No. 1:18-cv-11082 (DLC) (S.D.N.Y. Oct. 1, 2019), ECF No. 129 (granting letter to file in redacted form documents containing "internal financial and sales data" where such information could be used by competitors to cause the party "substantial harm and competitive disadvantage"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50 (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting motion to seal business information that "may provide valuable insights into a company's current business practices").

The parties' interest in keeping this information private is especially strong here, given that the Opening Brief and Appendix discuss nonpublic proprietary and confidential information concerning LATAM's operations and certain business and financial transactions. *See Laura Laaman & Assocs., LLC v. Davis*, 2019 WL 3716512, at *2–3 (D. Conn. Aug. 7, 2019) (finding that "disclosure of [similar] materials would cause . . . competitive harm that outweighs the presumption of open access"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50 (finding exhibits alleged to contain trade secrets included "proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting," which justified sealing).

Pursuant to Your Honor's Individual Practices, we electronically filed under seal the full, unredacted versions of the Opening Brief and Appendix.

Concurrently with this letter, Appellant will file a *Motion of Appellant to Accept Documents under Seal into the Appellate Record*. That Motion concerns certain exhibits in Appellant's Appendix, which are the source of the information at-issue in this letter. As such, the reasons set forth herein apply equally to that Motion.

We thank the Court for its consideration of this request.

Very truly yours,

*/s/ Donald B. Verrilli, Jr.*

Donald B. Verrilli, Jr.