MUNGER, TOLLES & OLSON LLP

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

August 26, 2022

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:     *In re: LATAM Airlines Group S.A.*, Case No. 1:22-cv-5660-DLC

Dear Judge Cote:

For the first time during oral argument, Debtors' counsel claimed that Appellant failed to preserve its argument that the claims-exchange process violated the equal-treatment requirement of 11 U.S.C. § 1123(a)(4). That is not true. Appellant raised that issue before the bankruptcy court repeatedly. *E.g.*, A019375 (Confirmation Hearing Tr.) ("The contribution of the Class 5 claim, the same claims held by [Appellant], was the currency to obtain backstop rights. And as soon as you contribute those claims, the distribution no longer is just related to your backstop. It then becomes on account of your claims."); *see also* A000875–76 (Appellant's Objection to Disclosure Statement); A001255 n.12 (Appellant's Objection to Debtors' Motion for Entry of the Backstop Agreements); A008755 (Appellant's Objections to Confirmation of the Plan) (page 9, paragraph 24 of original document) (mentioned without appendix citation in rebuttal at argument); A019368–74 (Confirmation Hearing Tr.); *cf.* A011588. And the bankruptcy court squarely addressed Appellant's claims-exchange argument. A020742 (concluding the claims-exchange process was just "the mechanism through which Class C Notes are obtained"); *see also* A002862. Accordingly, the issue is preserved for this Court's review. *See also New York Times Co. v. U.S. Food & Drug Admin.*, 529 F. Supp. 3d 260, 273 (S.D.N.Y. 2021).

Very truly yours,

*/s/ Donald B. Verrilli, Jr.*

Donald B. Verrilli, Jr.