# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212 225 2086
jrosenthal@cgsh.com

August 26, 2022

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Ad Hoc Group of Unsecured Claimants v. LATAM Airlines Group S.A., et al.*,
          Case No. 22-cv-5660

Dear Judge Cote:

      We write on behalf of appellees LATAM Airlines Group S.A. and its affiliated debtors and debtors-in-possession (collectively, "Appellees") to respond briefly to the letter filed today by the appellant Ad Hoc Group of Unsecured Creditors ("Appellant") asserting that it preserved certain arguments for appellate review.

      Appellant continues to blend two separate issues—one that it raised and lost, and one that it never raised. In the Bankruptcy Court, Appellant argued that the equal-treatment requirement of Section 1123(a)(4) was violated because the direct allocation and backstop fees were actually consideration for the Commitment Creditors' unsecured claims, not their backstop commitments. *See* A008754-A008756; A000873-A000876. The Bankruptcy Court rejected this argument, finding as a matter of fact that this consideration "is not based on [the Commitment Creditors'] status as Holders of Allowed General Unsecured Class 5 Claims; it is in consideration for their commitments described in the Commitment Creditors Backstop Agreement." *See* A020739-A020742.

      In its appellate briefs and at argument today, Appellant has advanced an entirely different argument: that the mere *mechanism* of the direct allocation violates Section 1123(a)(4).

Hon. Denise L. Cote, p. 2

*See* Appellant's Reply Brief at 8, ECF No. 76. This cannot be found in any of Appellant's submissions to the Bankruptcy Court;[1] Appellant did not present this argument when it objected to the Disclosure Statement, *see* A000861-A000890, when it objected to the Backstop Motion, *see* A001245-A001564, or when it objected to Confirmation, *see* A008741-A008926.[2] Indeed, contrary to Appellant's assertion that "the bankruptcy court squarely addressed Appellant's claims-exchange argument," the cited passage from the confirmation hearing transcript clearly establishes the precise opposite—that the Court was rejecting Appellant's argument described in the preceding paragraph when it noted that the claims-exchange process was just "the mechanism through which Class C Notes are obtained." A020742. Had Appellant actually challenged the *mechanism* itself, the Bankruptcy Court logically would not have responded with nothing other than that it was just the mechanism. This is further confirmed in the passage of the Confirmation Order cited by Appellant. *See* A002862 (describing Appellant's Section 1123(a)(4) objection alleging that the Commitment Creditors "will receive more favorable treatment than other unsecured creditors by virtue of (i) the allocation of New Convertible Notes Class C comprising the Direct Allocation, plus (ii) the backstop payment."). This had nothing to do with the mechanism of the exchange, but was simply Appellant's argument that the direct allocation and cash fee were not consideration for the backstop but rather were on account of their claims, which the Bankruptcy Court repeatedly rejected.

Appellant's own letter thus confirms that none of Appellant's briefs to the Bankruptcy Court ever challenged the *mechanism* of the direct allocation, or set forth the arguments contained, *inter alia*, at page 8 of Appellant's reply brief to this Court (arguing that the Commitment Creditors are receiving more than their pro rata share of the Class C Notes left after the direct allocation specifically because of the mechanics of the direct allocation).

Thank you for your consideration.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal

*Attorney for Appellees*

---

[1]  Nor was it ever raised in Appellant's appeal to Judge Furman. *See* Appellants' Brief, *In re LATAM Airlines Grp. S.A.*, No. 22-CV-2556 (May 3, 2022), ECF No. 46.

[2]  Appellant's citation to A001255 n.12 in its letter is the *only* place in its backstop objection where it even claims to have challenged the mechanism, which underscores the extent to which it grasps at straws. This footnote is in the "relevant factual background"; not only does Appellant never offer any argument on this issue—or indicate that it is even referring to the *mechanism*—but, if anything, Appellant's position is the converse of the one it now takes. Footnote 12 indicates that a Section 1123(a)(4) issue only arises if "the Debtors contend that the Direct Allocation Amount is part of the consideration Commitment Creditors will receive on account of their claims under the Plan." On the other hand, according to Appellant, if the "Direct Allocation Amount is consideration the Commitment Creditors are receiving for their obligations under the Commitment Creditors Backstop Agreement"—which *is* both the Debtors' position and what the Bankruptcy Court found—then Appellant contended Section 1129(a)(4) was implicated, not Section 1123(a)(4).